UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES D. MARTELLA,

              Petitioner,

    -against-

SHARON CAPINELLO, RN, PhD,
Commissioner, and EILEEN CONSILVIO,
RN, MS, EX. DIRECTOR, ACTING,

              Respondents.
-----------------------------------------------------------X

05-cv-3008 (SJF)

**OPINION & ORDER**

FEUERSTEIN, J:

I.     Introduction

*Pro se* petitioner James D. Martella ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is accompanied by an application to proceed *in forma pauperis*. For the reasons set forth below, the Petitioner's request to proceed *in forma pauperis* is granted, and Petitioner is directed to respond to the Court's *sua sponte* motion to dismiss the action.

II.     Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive

law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. *In Forma Pauperis* Application

Based upon Plaintiff's declaration in support of his application to proceed *in forma pauperis*, his financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed *in forma pauperis* is granted, and the clerk's office is directed to serve a copy of the complaint upon the defendants by certified mail.

IV. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).[1] AEDPA's one-year period of limitations applies to Petitioner's request. See Lindh v. Murphy, 521 U.S. 320, 327 (1997) (holding that §2244 applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998).

"Prisoners . . . whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (*per curiam*) (citing Ross, 150 F.3d at 102-03), cert. denied, 531 U.S. 840 (2000).

Petitioner's judgment of conviction was rendered on March 10, 1989, (Pet. ¶ 2(a)), giving him until April 24, 1997 to file a petition challenging his conviction. The Petition was filed on June 13, 2005. Absent statutory or equitable tolling, discussed below, the petition is time-barred under 28 U.S.C. §2244(d)(1)(A).

A. Statutory Tolling

Section 2244(d)(2) provides a toll on the one-year period of limitations where a petitioner has filed an application seeking "State post-conviction or other collateral review" concerning the "pertinent" judgment. Petitioner has not alleged that he filed any applications for post-conviction or other collateral review in the New York state courts. (Pet. at ¶¶ 7, 8, 9, 10).

---

[1] This Court is authorized to raise a *sua sponte* challenge to the timeliness of the petition under the AEDPA. Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also 28 U.S.C. §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . [the action] fails to state a claim on which relief may be granted . . . .")

3

B. <u>Equitable Tolling</u>

The period of limitations may be tolled for equitable reasons if Petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," <u>Smith</u>, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." <u>Id.</u>; see also <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000). To this end, "petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) (quotations omitted).

Petitioner claims in the "Timeliness of Petition" section of his petition, essentially, that he was persuaded to accept a plea of temporary insanity without full knowledge of its implications, and that he expected to be released from custody a long time ago. (Pet. ¶18). This is not an extraordinary circumstance that prevented him from filing his petition in a timely fashion. Rather, it is a challenge to the circumstances leading up to his original plea. <u>Cf. Burger v. Scott</u>, 317 F.3d 1133 (10th Cir. 2003) (finding extraordinary circumstances when, <u>inter alia</u>, a state court stamped petitioner's state habeas petition as received four months after it was actually received).

IV. <u>Petitioner's Notice and Opportunity</u>

Petitioner's claim appears to be barred by the AEDPA statute of limitations. Nevertheless, and in order to permit consideration of any equitable factors which would warrant tolling the statute, Petitioner is directed to file an explanation for his failure to timely file the

4

Petition pursuant to 28 U.S.C. §2244(d) within thirty (30) days of the date of this Order. Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000). Failure to do so will result in summary dismissal. The Clerk of the Court is directed to serve a copy of this Order on Petitioner, and is further directed to serve a copy of the complaint and this Order upon the defendant by certified mail.

IT IS SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
　　　　September 1, 2005

Copy to:

James D. Martella, *Pro Se*
700950
Kirby Forensic Psychiatric Center
Wards Island
New York, N.Y. 10035