UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES D. MARTELLA,

                Petitioner,                        **OPINION & ORDER**
                                                                    05-CV-3008 (SJF)

        -against-

SHARON CAPINELLO, RN, PhD,
Commissioner, and EILEEN CONSILVIO,
RN, MS, EX. DIRECTOR, ACTING,

                Respondents.
----------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On November 3, 1988, *pro se* petitioner James D. Martella ("Petitioner") pleaded not responsible by reason of mental disease or defect to attempted murder in the second degree and reckless endangerment in the first degree. Pursuant to N.Y. Crim. Proc. Law § 330.20, on March 10, 1989, Petitioner was committed to the custody of the State Commissioner of Mental Health for confinement in a secure facility for a period of six (6) months.[1]

On June 13, 2005, Petitioner, still confined in a New York State psychiatric facility pursuant to N.Y. Crim. Proc. Law § 330.20, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged that he accepted a plea of "temporary insanity" and was promised that he would be released in two (2) years but that the Office of Mental Health changed his plea to "not guilty by reason of insanity" without telling him and that, as a result,

---

[1] The March 10, 1989 commitment order was based on the trial court's determination that Petitioner suffered from a dangerous mental disorder.

1

he has been involuntarily confined for over eighteen (18) years. In an Order dated September 1, 2005, the Court directed Petitioner to submit an explanation for his failure to timely file a petition pursuant to 28 U.S.C. § 2244(d).[2] In response, Petitioner submitted an undated letter,[3] asserting that he was prevented from filing a timely petition because he lacked access to a law library due to his confinement in a mental institution.

For the reasons stated below, Petitioner's petition is denied and dismissed.

II. Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Faretta v. California, 422 U.S. 806, 834 n.36 (1975).

III. The AEDPA

The AEDPA governs petitions of incarcerated state court defendants seeking federal habeas corpus relief. See 28 U.S.C. § 2254.

---

[2] Prisoners whose convictions became final prior to the Anti Terrorism and Effective Death Penalty Act's ("AEDPA") effective date of April 24, 1996, had a one (1) year grace period in which to file their habeas corpus petitions, or until April 24, 1997. Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000). Petitioner's order of confinement was rendered on March 10, 1989, giving him until April 24, 1997 to file a petition challenging his confinement. Therefore, Petitioner's claims appeared to be time-barred.

[3] Petitioner's undated letter was filed on October 18, 2005.

2

A. Exhaustion

Prior to bringing a petition for habeas corpus relief in federal court, a petitioner "must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the applicant.'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir. 2000) (citation omitted, insertions in original). Exhaustion requires that a petitioner fairly present to the highest state court "both the factual and legal premises of the claim he asserts in federal court." Jones v. Keane, 329 F.3d 290, 294-95 (2d Cir. 2003) (internal quotations and citation omitted). A federal habeas corpus petition which contains unexhausted claims should be dismissed, Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) (citation omitted), unless there is no longer a state forum available to a petitioner to present his constitutional claim, in which case the federal court shall deem the claim exhausted and deny the claim as if the state court had considered but denied the claim on the basis of a state procedural rule which the petitioner had failed to follow. Coleman v. Thompson, 501 U.S. 727 (1991).

IV. Analysis

The AEDPA's one (1) year limitations period is a statute of limitations rather than a jurisdictional bar, and therefore, courts may equitably toll the period. Smith, 208 F.3d at 17. Petitioner claims that the limitations period should be tolled in his case because he lacked access to a law library due to his confinement in a mental institution and was barred from using the law books. To equitably toll the one (1) year limitations period, Petitioner must demonstrate that: 1) "extraordinary circumstances prevented him from filing his petition on

time," and 2) he "acted with reasonable diligence throughout the period he seeks to toll." Id. See also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). To this end, Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. at 134 (citation omitted). The Second Circuit has indicated that under certain circumstances a lack of access to law library materials may suffice to equitably toll the limitations period. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("[W]ere we to determine, in an appropriate case, that the discretionary deprivation of a prisoner's access to his own legal materials and law library materials *prevented* a prisoner from petitioning for a writ of habeas corpus in federal court, we would be obliged to consider granting a request for equitable tolling . . . .") (emphasis in original).

However, even assuming, *arguendo*, Petitioner demonstrated that his case warranted equitably tolling the one (1) year limitations period, his claims would still be dismissed because he has failed to exhaust his state court remedies, including state habeas corpus relief.

"The exhaustion requirement applies with equal force to persons held in state custody pursuant to a judgment of commitment based upon mental illness." Martens v. Katz, No. 98-CV-990, 1987 WL 18773 (E.D.N.Y. Oct. 14, 1987) (citations omitted). New York law expressly provides detainees in mental health facilities the right to apply for a writ of habeas corpus in state courts pursuant to Mental Hygiene Law § 33.15. Id. See also Lackey v. Head of Bronx State Psychiatric Facility, No. 93 Civ. 2154, 1993 WL 183713 (S.D.N.Y. May 25,

1993). In his petition, Petitioner indicates that he has not pursued his remedies under state law. Accordingly, the petition is dismissed for failure to exhaust state court remedies.[4]

V.  Conclusion

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied and dismissed. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. See also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d. Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED

_____
Sandra J. Feuerstein
United States District Judge

Dated: July 24, 2007
Central Islip, New York

---

[4] If Petitioner wishes to challenge his confinement, his remedies under state law are to: 1) file an appeal of his retention order pursuant to N.Y. Crim. Proc. Law § 330.20(21)(a)(ii); and 2) file for state habeas corpus relief pursuant to N.Y. Mental Hygiene Law § 33.15.

Copies to:

James D. Martella
# 700950
Kirby Forensic Psychiatric Center
Wards Island
New York, NY 10035

Chelsea Helene Chaffee
New York State Attorney General
120 Broadway
New York, NY 10271

Guy Arcidiacono
Suffolk County District Attorney's Office
Arthur M. Cromarty Court Complex
200 Center Drive
Riverhead, NY 11901